UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| ANDREA SCOTT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 1:23-cv-01908-JMS-MKK |
| | ) | |
| LORI ANTIC, | ) | |
| KATY PRESSEL, | ) | |
| GLEN MASON, | ) | |
| AMANDA PETERSON, | ) | |
| JCPENNEY; and | ) | |
| PENNEY OPCO LLC, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**ENTRY PARTIALLY GRANTING MOTION FOR LEAVE TO PROCEED
<u>IN FORMA PAUPERIS</u> AND SCREENING COMPLAINT**

Pending before the Court are *pro se* Plaintiff Andrea Scott's Complaint, [Filing No. 1], and Motion for Leave to Proceed *In Forma Pauperis*, [Filing No. 2]. This Order first addresses Ms. Scott's Motion for Leave to Proceed *In Forma Pauperis*, then screens her Complaint pursuant to 28 U.S.C. § 1915(e)(2).

**I.
MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS***

28 U.S.C. § 1915(a) permits the Court to authorize a plaintiff to file a lawsuit "without prepayment of fees" if the plaintiff "submits an affidavit" demonstrating that he lacks the assets to pay the filing fee at this time. 28 U.S.C. § 1915(a)(1). Ms. Scott's Motion for Leave to Proceed *In Forma Pauperis* indicates that she and her spouse both earn significant labor income. [Filing No. 2 at 2.] The Court also recognizes that Ms. Scott and her family have endured significant expenses and a period of unemployment that have strained their resources. [*See* Filing No. 2 at 3-5.] Therefore, Ms. Scott's Motion to Proceed *In Forma Pauperis*, [2], is **GRANTED IN PART**.

28 U.S.C. § 1915(a). The Court **ORDERS** her to pay the $350 filing fee in installments on the following schedule: $50 is due by **January 2, 2024**; $100 is due by **February 1, 2024**; $100 is due by **March 1, 2024**; and $100 is due by **April 1, 2024**. Failure to timely pay the installments may result in dismissal of this case. *See* USDC Fee Schedule at https://www.insd.uscourts.gov/fees-financial-information (filing fee for *in forma pauperis* litigants is $350: normal $402 filing fee includes a $52 administrative fee, but that the administrative fee "does not apply to . . . persons granted in forma pauperis status under 28 U.S.C. § 1915").

## II.
### SCREENING

#### A. Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2), the Court shall dismiss a case brought by a plaintiff proceeding *in forma pauperis* "at any time if the court determines that . . . the action . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." In determining whether a complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal:

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

#### B. The Complaint

Ms. Scott sets forth the following allegations in her Complaint and Affidavit, [Filing No. 1; Filing No. 1-1], which the Court must accept as true at this time:

On January 30, 2023, I was wrongfully terminated due to retaliation and discrimination perpetuated by the Defendant.

I was informed by loss prevention associate Desiree Spain that I was being harassed on October 1, 2022 by loss prevention manager Lori Antic. She was using the company's camera equipment to violate my privacy by: zooming in on my body parts, reading my text messages off my phone, and incessantly watching me without probable cause to attempt to find anything to get me fired.

I made a formal complaint to the Ethics department, who then transferred the complaint to the Human Resource Department. I spoke with "Martha" on or around December 22, 2022 who threatened me with termination in the conversation if I didn't tell her the names of everyone I spoke to about this situation. She stated she would follow up and as of the date of termination she never had.

After termination I filed for unemployment in which the Defendant contested. The Department of Workforce case manager received information from the Defendant as to the reasoning for termination. She ruled that the Defendant terminated me for no just cause.

The Defendant then appealed that ruling which led to an administrative hearing. I was provided with paperwork which included an email sent by Lori Antic which provided a timeline of my actions for January 22, 2023. She deliberately presented a timeline that would fit a narrative to support termination. I was able to present facts through witness statements that disputed her findings. Amanda Peterson, District Loss Prevention Manager, Glen Mason, District Store Manager, and Katy Pressel, store manager did not verify that her information was correct. Nor did anyone ever speak to me.

I had conversations with above stated management team and prior Store Manager Jennifer Albright with concerns; A lock was installed on an emergency exit door; during the five years I worked there never being compensated for after hours alarm calls (to my knowledge no other hourly supervisor had not either as I did their payroll); December 19, 2022 through December 26, 2022 there was a lack of heat in the building and we worked in our coats and gloves; Glen Mason specifically told me I had to move to get promoted while he has promoted two [C]aucasian women to Store Manager in the Plainfield and Terre Haute Store.

During the administrative hearing, Lori Antic acknowledged to the Judge that there hadn't been anyone else terminated for the reasons that I was which the Defendant provided two different explanations. In April 2023, Jennifer Hall, Tonja Cotton, Mildred Dayoan left the store unsecured. They were not terminated for that incident.

3

[Filing No. 1-1 at 1-2.][1]

Ms. Scott filed a charge with the Equal Employment Opportunity Commission on July 14, 2023. [Filing No. 1 at 5.] Less than two weeks later, she alleges that she received a Notice of Right to Sue Letter from the Equal Employment Opportunity Commission ("EEOC"). [Filing No. 1 at 5.] On October 24, 2023, Ms. Scott filed her *Pro Se* Form Complaint in this Court, checking the box for claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. ("Title VII"). [Filing No. 1 at 3.] She alleges that Defendants unlawfully retaliated against her and terminated her employment on the basis of her race and sex/gender. [Filing No. 1 at 4; Filing No. 1-1 at 1.] Ms. Scott has not provided the Notice of Right to Sue letter to the Court even though the *Pro Se* Form Complaint for Employment Discrimination instructed her to do so. [Filing No. 1 at 5.]

    **C.**    **Discussion**

        *1.*    *Title VII Procedures*

            a.    Timeliness and Notice of Right to Sue Letter

As a threshold matter, for Ms. Scott to bring claims under Title VII in federal court, she must have: (1) timely filed a charge with the EEOC, and (2) received a right to sue letter from the EEOC. *See* 42 U.S.C. § 2000e-5(b), (e), and (f). To meet the timeliness requirement, a plaintiff must file a charge with the EEOC within 180 days of the allegedly discriminatory act, or within

---

[1] The Court notes that Ms. Scott's Complaint does not appear to identify that she is a member of a minority racial or ethnic group. Ms. Scott does describe certain allegations with reference to other promotion candidates being Caucasian, implying that Ms. Scott is not. Making the inference most favorable to Ms. Scott, the Court proceeds on that basis. *See E.E.O.C.*, 496 F.3d at 780 ("Instead of lavishing attention on the complaint until the plaintiff gets it just right, a district court should keep the case moving.") (quoting *Bennett*, 153 F.3d at 518). Nonetheless, Ms. Scott's racial discrimination claim is ultimately contingent on her being a member of a protected class, so she must identify whether she is a member of a minority racial or ethnic group in any Amended Complaint.

300 days "if a [plaintiff] initially instituted proceedings with a State or local agency with authority to grant or seek relief" regarding the alleged discrimination. 42 U.S.C. § 2000e-5(e)(1); 29 U.S.C. § 626(d); see *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995). This deadline "protect[s] employers from the burden of defending claims arising from employment decisions that are long past." *Mull v. ARCO Durethene Plastics, Inc.*, 784 F.2d 284, 291 (7th Cir. 1986) (internal quotation and citation omitted).

Ms. Scott states that she filed a Charge of Discrimination with the EEOC on July 14, 2023, [Filing No. 1 at 5], which is within the 300-day filing deadline. See *Russell*, 51 F.3d at 750. Ms. Scott further states that she was issued a Notice of Right to Sue letter on July 26, 2023. [Filing No. 1 at 5.] However, Ms. Scott has not provided the Notice of Right to Sue letter to the Court. The *Pro Se* Form Complaint for Employment Discrimination states "Attach a copy of the Notice of Right to Sue letter from the Equal Employment Opportunity Commission to this complaint." [Filing No. 1 at 5.] Ms. Scott must provide her Notice of Right to Sue letter in order to proceed on her claims. Ms. Scott is **ORDERED** to file an Amended Complaint which attaches her Notice of Right to Sue letter by **January 4, 2024**.

The Court now turns to address whether Ms. Scott's claims will proceed if she files an Amended Complaint with the EEOC Notice of Right to Sue Letter.

      b.      <u>Individual Liability</u>

Title VII applies only to "employers"; it is well established that Title VII claims cannot be brought against defendants in their individual capacity. *Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995) (holding that there is no individual liability under Title VII and stating that "[b]ecause a supervisor does not, in his individual capacity, fall within Title VII's definition of employer, [the plaintiff] can state no set of facts which would enable her to recover under the

statute"). Therefore, to the extent that Ms. Scott intends to assert Title VII claims against Ms. Antic, Ms. Pressel, Ms. Peterson, and Mr. Mason, those claims are **DISMISSED.**[2]

### 2.  Analysis of Claims

Title VII prohibits status-based discrimination in the workplace on the basis of race, color, religion, sex, national origin, sexual orientation, or gender identity. *Bostock v. Clayton Cnty., Georgia,* 140 S. Ct. 1731, 1753 (2020); *Univ. of Texas Sw. Med. Ctr. v. Nassar,* 570 U.S. 338, 342 (2013). For "simple" discrimination claims, a plaintiff must meet only a "minimal pleading standard." *Tamayo v. Blagojevich,* 526 F.3d 1074, 1084 (7th Cir. 2008). The plaintiff satisfies this standard by identifying the type of discrimination that occurred, by whom it was done, and when. *Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.,* 804 F.3d 826, 833 (7th Cir. 2015). The plaintiff "need only aver that the employer instituted a (specified) adverse employment action against the plaintiff on the basis of" a protected characteristic, such as race or gender. *Tamayo,* 526 F.3d at 1084.

This standard is not the "evidentiary burden a plaintiff must subsequently meet" when making her prima facie case. *Luevano v. Wal-Mart Stores, Inc.,* 722 F.3d 1014, 1028 (7th Cir. 2013). At the pleading stage, "evidence is not required." *Carlson v. CSX Transp., Inc.,* 758 F.3d 819, 827 (7th Cir. 2014). "[T]he complaint merely needs to give the defendant sufficient notice to enable him to begin to investigate and prepare a defense." *Luevano,* 722 F.3d at 1028 (quoting *Tamayo,* 526 F.3d at 1084). "Employers are familiar with discrimination claims and know how to investigate them, so little information is required to put the employer on notice of these claims."

---

[2] Although Title VII does not reach non-employers in their individual capacity, the Court notes that 42 U.S.C. § 1981 is not so constrained. *See Smith v. Bray,* 681 F.3d 888, 896 (7th Cir. 2012) (citing *CBOCS West, Inc. v. Humphries,* 553 U.S. 442, 445 (2008)), *abrogated on other grounds in Ortiz v. Werner Enterprises, Inc.,* 834 F.3d 760, 764 (7th Cir. 2016).

*Carlson*, 758 F.3d at 827 (citing *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007)).

### a. Sexual Harassment, Hostile Work Environment

Ms. Scott alleges that she was harassed. [Filing No. 1-1 at 1.] "Harassment . . . is a broad term which encompasses all forms of conduct that unreasonably interfere with an individual's work performance or create an intimidating, hostile, or offensive working environment." *Huri*, 804 F.3d at 832 (citation omitted). "In the context of Title VII cases, the word 'harassment' frequently describes the conduct that defines the phrase 'hostile work environment.'" *Id.* (citation omitted). To state a claim for a hostile work environment, a plaintiff must allege "(1) she was subject to unwelcome harassment; (2) the harassment was based on . . . [a] reason forbidden by Title VII . . . .; (3) the harassment was severe or pervasive so as to alter the conditions of employment and create a hostile or abusive working environment; and (4) there is basis for employer liability." *Id.* at 834 (citation omitted).

In Ms. Scott's case, she alleges that she was harassed when Ms. Antic "was using the company's camera equipment to violate [her] privacy by . . . zooming in on [her] body parts . . . to attempt to find anything to get [her] fired." [Filing No. 1-1 at 1.] The alleged harassment was plausibly unwelcome. "[Z]ooming in on . . . body parts" through company surveillance cameras was plausibly forbidden by Title VII as sex discrimination. *See Luevano*, 722 F.3d at 1028 n.8 (noting that sexual harassment can be sexist or sexual) (citation omitted). "[W]hether an environment is 'hostile' or 'abusive' can be determined only by looking at all the circumstances." *Harris v. Forklift Sys., Inc.*, 114 S. Ct. 367, 371 (1993). On one hand, it is plausible that the camera surveillance focusing on Ms. Scott's body parts plausibly could have been considered serious enough by her employer that her employer threatened Ms. Scott with termination if she did not cooperate with human resources. [*See* Filing No. 1-1 at 1 (Ms. Scott alleging that she was

7

threatened with termination if Ms. Scott did not disclose everyone she spoke to about the situation).] On the other hand, it is also plausible that the actions of Ms. Antic were those of an unruly employee abusing access to company resources—improper but not unlawful behavior under Title VII. [*See* Filing No. 1-1 at 1 (Ms. Scott alleging that Ms. Antic's camera surveillance focused on Ms. Scott's text messages).] Ms. Scott has alleged facts consistent with both possibilities but has not alleged facts specifically connecting the camera incident to motivations to harass her on the basis of sex. At this juncture, Ms. Scott has not plausibly alleged that Defendants perpetuated a hostile work environment and that they were motivated by Ms. Scott's protected status under Title VII.

### b. Retaliation

"To plead a retaliation claim under Title VII, a plaintiff must allege that she engaged in statutorily protected activity and was subjected to adverse employment action as a result of that activity." *Luevano*, 722 F.3d at 1029. Protected activity includes when the plaintiff has opposed an "unlawful employment practice," which is when "race, color, religion, sex, or national origin was a motivating factor for any employment practice." 42 U.S.C. § 2000e-2(m); *Smith v. Wilson*, 705 F.3d 674, 679 (7th Cir. 2013). Additionally, "[i]n order for plaintiff's expression to be protected . . . , the challenged practice need not actually violate Title VII. Instead, it is sufficient if the plaintiff has a reasonable belief she is challenging conduct in violation of Title VII." *Luevano*, 722 F.3d at 1029 (quoting *Holland v. Jefferson Nat. Life Ins. Co.*, 883 F.2d 1307, 1314 (7th Cir. 1989)). "In the retaliation context, 'adverse employment action' simply means an employer's action that would dissuade a reasonable worker from participating in protected activity." *Huri*, 804 F.3d at 833 (citing *Chaib v. Indiana*, 744 F.3d 974, 986-87 (7th Cir. 2014)).

In this case, Ms. Scott has plausibly alleged that she reasonably believed that she was opposing an unlawful employment practice when she complained about being surveilled by Ms.

Antic. [Filing No. 1-1 at 1.] Ms. Scott also has plausibly alleged that she reasonably believed she was opposing an unlawful employment practice when she complained to Ms. Pressel, Ms. Peterson, and Mr. Mason that Mr. Mason promoted Caucasian women but not Ms. Scott, who allegedly "had to move to get promoted." [Filing No. 1-1 at 2.] Ms. Scott has plausibly alleged that the adverse employment action here was her termination. Such allegedly discriminatory actions extend to JCPenney as the employer as well. *See Smith*, 681 F.3d at 900. While Ms. Scott may not have alleged enough to set forth a prima facie case of retaliation, *see Staub v. Proctor Hosp.*, 562 U.S. 411, 420-21 (2011), she is not required to do so at the pleading stage, *see Carlson*, 758 F.3d at 827 (noting that plaintiff is not required to allege facts "that would establish a prima facie case of discrimination of the 'indirect method of proof.'") (citing *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511-12 (2002)). Here, Ms. Scott has plausibly alleged that she was terminated even though other employees left the store unsecured without facing termination. [Filing No. 1-1 at 2.]

Ms. Scott's retaliation claims against JCPenney and Penney OpCo LLC under Title VII **SHALL PROCEED**.

c.   Discrimination in Promotion Practices

Ms. Scott alleges that she was "specifically told . . . [she] had to move to get promoted," while Mr. Mason "has promoted two [C]aucasian women to Store Manager." [Filing No. 1-1 at 2.] To state a claim for discrimination in an employer's promotion practices, Ms. Scott need not allege whether the other promoted employees were similarly situated. *See Carlson*, 758 F.3d at 830 ("The plaintiff is not required to identify similarly situated comparators at the pleading stage."); *Swierkiewwicz*, 534 U.S. at 510-12. The complaint need only say "[she] was turned down for a job because of [her] race." *Bennett*, 153 F.3d at 518. Here, Ms. Scott has plausibly alleged that Mr. Mason allegedly promoted other employees on the basis of their race while informing Ms. Scott that she "had to move to get promoted." [Filing No. 1-1 at 2.] Ms. Scott has plausibly alleged

9

that Mr. Mason is an employee with the power to promote, who would be a supervisor whose allegedly discriminatory conduct extends liability to JCPenney. Claims against JCPenney and Penney OpCo LLC pursuant to Title VII for racial discrimination in promotion practices **SHALL PROCEED**.

### III.
### CONCLUSION

Ms. Scott's Complaint will proceed, albeit conditionally. She shall have an opportunity to demonstrate that she timely exhausted her administrative remedies and that she is a member of a protected class. Specifically, Ms. Scott is **ORDERED** to file an Amended Complaint by **January 4, 2024,** that attaches the Notice of Right to Sue Letter associated with her timely EEOC Charge and adds details regarding whether she is a member of a protected class. Failure to do so in the time allotted will result in the dismissal of this case without prejudice. Defendants do not need to file a responsive pleading until Ms. Scott files an Amended Complaint.

The Court, having considered the above action and the matters that are pending, makes the following rulings:

1. Plaintiff's Motion to Proceed *In Forma Pauperis*, [2], is **GRANTED IN PART**;

2. Plaintiff is **ORDERED** to pay the filing fee on the following installment schedule:
    - $50 is due by **January 2, 2024**;
    - $100 is due by **February 1, 2024**;
    - $100 is due by **March 1, 2024**;
    - $100 is due by **April 1, 2024**.

3. Plaintiff is **ORDERED** to file any Amended Complaint by **January 4, 2024** which attaches the Notice of Right to Sue Letter associated with her timely EEOC Charge, properly alleges that she is a member of a protected class, and otherwise corrects deficiencies identified in this entry.

4. The following claims shall proceed, but only if Ms. Scott files an Amended Complaint as instructed above:

- o   Against JCPenney/Penney OpCo LLC:
    - retaliation under Title VII on the basis of sex/gender and race; and
    - race discrimination under Title VII relating to discrimination in promotion practices

All other claims asserted in the Complaint are **DISMISSED without prejudice**. If Ms. Scott believes that additional claims were alleged in the Complaint, but not identified by the Court in this Entry, she shall have until **January 4, 2024** to identify those claims.

Date: 12/5/2023

*[Signature]*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via U.S. Mail:**

ANDREA SCOTT
14198 Calming Waters
Fishers, IN 46038